United States District Court
Western District of Michigan

**Keith A. Goodwin**,

    Petitioner,

v.

**Kent County District Attorney**
**Judge Paul L. Maloney**,

    Respondents.

Civil No. 1:20-725

Hon. Janet Neff

# Defendant's Pre-Motion Conference Request

Pursuant to this Court's Practice Guideline IV(A)(1), defendant respectfully requests a pre-motion conference to address his anticipated motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff brings this action against a United States District Judge alleging that the judge violated his rights when entering summary judgment against him in a prior suit. Absolute judicial immunity precludes claims against judicial officers arising from their official actions. Accordingly, defendant U.S. District Judge Paul Maloney respectfully intends to move to dismiss plaintiff's claims against him because Judge Maloney is entitled to absolute judicial immunity from plaintiff's claims.

### I.   Judge Maloney is Entitled to Absolute Judicial Immunity

In 2019, plaintiff Keith Goodwin filed a *pro se* suit against Flagstar Bank seeking to discharge approximately $70,000 in mortgage debt and alleging that Flagstar discriminated against him. (*Goodwin v. Flagstar*, 1:19CV00859, ECF No. 1 (W.D. Mich.)). Flagstar moved to dismiss and for summary judgment and argued that plaintiff had failed to articulate a viable claim against it because it had no relationship with plaintiff and plaintiff did not owe Flagstar any debt. (*Flagstar*, ECF No. 8).

U.S. Magistrate Judge Green reviewed the matter and recommended that the Court dismiss Goodwin's claims and grant Flagstar summary judgment because Goodwin failed to state a viable claim and the evidence showed that the debt

Goodwin alleged as the basis of his claim did not exist. (*Flagstar*, ECF No. 18). Judge Paul Maloney adopted Magistrate Judge Green's recommendation and granted Flagstar summary judgment on January 17, 2020. (*See* Flagstar, ECF No. 20). Goodwin did not appeal. (*See Flagstar*).

Plaintiff filed this action in the 17th Circuit Court, Kent County Michigan, against Judge Paul Maloney alleging that Judge Maloney committed fraud, violated RICO, and violated his civil rights under 42 U.S.C. § 1983, when Judge Maloney entered summary judgment against him in *Flagstar*. (Compl., ECF No. 1-1, PageID.36–43).

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*

"Absolute judicial immunity attaches only to actions undertaken in a judicial capacity." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). "Whether an act is judicial depends on 'the 'nature' and 'function' of the act, not the 'act' itself.'" *Id.* "In examining the functions normally performed by a judge, courts have found that 'paradigmatic judicial acts' are those that involve 'resolving disputes between parties who have invoked the jurisdiction of a court.'" *Barnes v.*

*Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Accordingly, "granting motions for summary judgment . . . are paradigmatically judicial" actions. *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017).

Here, Judge Maloney is entitled to absolute judicial immunity. Plaintiff's claims arise entirely from Judge Maloney's entry of summary judgment against him in a previous case. Granting summary judgment is a "paradigmatically judicial" act. Therefore, absolute judicial immunity bars plaintiff's claims against Judge Maloney in this case.

Respectfully submitted,

**Matthew Schneider**
United States Attorney

*s/Zak Toomey*
Zak Toomey (MO 61618)
Assistant U.S. Attorney
Eastern District of Michigan
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-9617
Date:  August 6, 2020	Email:  zak.toomey@usdoj.gov

3

## Certificate of Service

I hereby certify that on August 6, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

I further certify that I have mailed by U.S. mail the foregoing paper to the following non-ECF participants:

Keith A. Goodwin
1135 Benjamin Ave. SE
Grand Rapids, MI  49506

s/Zak Toomey
Zak Toomey
Assistant U.S. Attorney
