UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH A. GOODWIN,

       Plaintiff,                                                    Hon. Hala Y. Jarbou

v.                                                                      Case No. 1:20-cv-725

KENT COUNTY DISTRICT ATTORNEY
and JUDGE PAUL L. MALONEY,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Judge Paul L. Maloney's Motion to Dismiss. (ECF No. 7.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **GRANTED,** and Plaintiff's complaint be **remanded** to state court.

**I. Background**

On or about June 15, 2020, Plaintiff filed an action in the Kent County Circuit Court against the Kent County Prosecutor and United States District Judge Paul L. Maloney. In large part, Plaintiff's complaint consists of legal statements and citations with few facts. However, Plaintiff indicates that Judge Maloney had presided over Plaintiff's action in the United States District Court for the Western District of Michigan captioned *Goodwin v. Flagstar Bank, et al.*, No. 1:19-cv-859. In that case, after the defendants filed a motion to dismiss and/or for summary judgment, Magistrate Judge Green issued a Report and Recommendation recommending that the motion be granted and noting that Plaintiff's "vapor money theory," on which his claims were based, had been characterized by other courts as "nonsense" and "frivolous." (Case No. 1:19-cv-859, ECF No. 18 at PageID.209–10.) On January 17, 2020, Judge Maloney adopted the Report and

Recommendation and entered a judgment dismissing the case. (Case No. 1:19-cv-859, ECF Nos. 20, 21.) Plaintiff alleges in his complaint that Judge Maloney committed fraud and violated RICO and Plaintiff's civil rights under 42 U.S.C. § 1983 when he entered summary judgment against Plaintiff in Case No. 1:19-cv-859.

On August 4, 2020, Judge Maloney removed the state-court case to this Court pursuant to 28 U.S.C. § 1442(a)(1), which allows for removal of suits against "the United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." (ECF No. 1.) Judge Maloney now moves for dismissal on the basis of absolute judicial immunity.

## II. Motion Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein. *See Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of this authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1981)). A functional analysis is applied to determine whether an act is judicial in nature. "Whether an act is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal quotation marks omitted) (quoting *Mireles*, 502 U.S. at 13). The analysis involves two considerations: "(1) looking

to the nature of the act itself, whether the act is a 'function normally performed by a judge' and (2) regarding the expectations of the parties, whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12).

Plaintiff's allegations in his complaint arise from actions that Judge Maloney took in his capacity as a judge performing traditional judicial functions. Moreover, Judge Maloney was acting within his jurisdiction in dismissing Plaintiff's case. Although Plaintiff has responded to Judge Maloney's motion (ECF No. 9), the documents he provides and arguments he offers do not demonstrate that Judge Maloney was not acting in his judicial capacity in Case No. 1:19-cv-859 and that he is not entitled to absolute judicial immunity. Plaintiff's response fails to address the merits of the motion. Accordingly, Plaintiff's claims are subject to dismissal.

## IV. Conclusion

For the foregoing reasons, I recommend that Defendant's motion to dismiss (ECF No. 7) be **granted** and that the case against the remaining defendant be remanded to state court. *See Carpenter v. WZOQ (FM)*, No. 88-3924, 1989 WL 25258, at *1 (6th Cir. Mar. 22, 1989) (district court properly remanded case removed pursuant to 28 U.S.C. § 1442(a) following dismissal of the federal defendant).

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 29, 2020                    /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge