UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH A. GOODWIN,

    Plaintiff,

v.

KENT COUNTY DISTRICT ATTORNEY
and JUDGE PAUL L. MALONEY,

    Defendants.
_____/

Case No. 1:20-cv-725

Honorable Hala Y. Jarbou

## **OPINION**

Before the Court are Plaintiff's objections (ECF No. 14) to Magistrate Judge Sally J. Berens' Report and Recommendation (R&R) (ECF No. 12) recommending that Defendant United States District Judge Paul L. Maloney's motion to dismiss (ECF No. 7) be granted. Plaintiff has also moved to enforce a purported judgment. (ECF No. 15.) For the reasons stated below, the Court will adopt the R&R, grant Judge Maloney's motion to dismiss and deny Plaintiff's motion to enforce judgment.

### I. BACKGROUND

This is a civil action against the Kent County Prosecutor and United States District Judge Paul L. Maloney. Plaintiff's complaint alleges that Judge Maloney violated the law when he presided over and ultimately dismissed Plaintiff's action in the United States District Court for the Western District of Michigan (*Goodwin v. Flagstar Bank, et al.*, No. 1:19-cv-859, Compl., ECF No. 1, PageID.13-14.) In essence, Plaintiff argues in the present lawsuit that Judge Maloney lacked jurisdiction to adjudicate his prior lawsuit. (*Id.*) Based on Judge Maloney's alleged usurpation of

the judicial power, the complaint posits a number of causes of action, all of which could be characterized as fraud, treason, violations of the Racketeer Influenced and Corrupt Organizations act, 18 U.S.C. § 1961 et seq., and violations Plaintiff's civil rights under 42 U.S.C. § 1983. (*Id.*, PageID.11-13.)

Plaintiff's lawsuit was originally filed in the Kent County Circuit Court. Judge Maloney removed the case to federal court under 28 U.S.C. § 1442(a)(1) on August 4, 2020. (ECF No. 1, PageID.1-3.) Judge Maloney then moved to dismiss under Rule 12(b)(6) on the grounds that he was entitled to absolute judicial immunity in connection with his adjudication of Plaintiff's prior claim. (ECF No. 7.) On September 29, 2020, Magistrate Judge Sally J. Berens submitted a Report and Recommendation (R&R) recommending that Judge Maloney's motion be granted and to remand to state court Plaintiff's claims against the Kent County Prosecutor. A copy of the R&R was mailed to Plaintiff on September 30, 2020. On October 15, 2020, Plaintiff submitted objections to the R&R and also moved for enforcement of a purported judgment issued by the "Common Law Court of Record" regarding this case (ECF No. 15). It is not clear exactly when Plaintiff received a copy of the R&R, but this Court assumes that the objections were timely filed. Plaintiff's objections reiterate his contentions that Judge Maloney lacked jurisdiction to decide the previous case and is not entitled to judicial immunity. He also argues that the Court lacks jurisdiction to hear the present case, which he claims has already been adjudicated in a "Common Law Court of Record."

## II. STANDARD

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

#### A.  Judicial Immunity

Plaintiff objects to the Magistrate Judge's determination that Judge Maloney is entitled to absolute judicial immunity. The Court agrees with the R&R's conclusion that Judge Maloney is immune from suit in this case.

Contrary to Plaintiff's contentions, 42 U.S.C. § 1983 does not preclude judicial immunity from a suit for money damages. *See Mireles v. Waco*, 502 U.S. 9 (1991) (plaintiff not permitted to recover monetary damages from judge through section 1983). "It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions." (R&R at 3 (citing *Mireles*, 502 U.S. at 9-10).) Moreover, this immunity bars suit, not just the ultimate imposition of damages. *Mireles*, 502 U.S. at 11. Judicial immunity does not apply "(1) where the judge's alleged actions were not taken in the complete absence of jurisdiction, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction." (R&R at 3 (citing *Mireles*, 502 U.S. at 11-12).) The scope of jurisdiction "must be construed broadly where the issue is" judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity" because he acted erroneously, maliciously, or in excess of authority; "rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1981)).

"Whether an action is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal quotation marks omitted) (quoting *Mireles*, 502 U.S. at 13). Two factors are used to determine the character of an act: "(1) looking to the nature of the act itself, whether the act is a 'function normally performed by a judge' and (2) regarding the expectations of the parties, whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12).

The crux of Plaintiff's complaint is that Judge Maloney impermissibly presided over his prior lawsuit. Hence, Plaintiff takes issue with actions by Judge Maloney that are inherently judicial in nature – presiding over and adjudicating a case. Judge Maloney had proper jurisdiction to hear the case in question. He is therefore entitled to judicial immunity because he had jurisdiction and his actions were judicial in nature.

### B. Jurisdiction

Plaintiff also questions this Court's jurisdiction to adjudicate his claims against Judge Maloney. Relatedly, he contends that the Court cannot hear this case as it has also been adjudicated in the "Common Law Court of Record." (ECF No. 14.) There is no indication that this matter has been legitimately adjudicated anywhere else, nor could it have been, as this case was properly removed to this Court. (*See* ECF No. 1.) The R&R did not directly address whether the Western District of Michigan has jurisdiction over the present case. The Court has jurisdiction.

Article III, section 2 of the United States Constitution holds that the "judicial power shall extend to all cases . . . arising under . . . the laws of the United States." Congress has granted federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal law permits actions brought against officers of the United States in state court to be removed to district court. 28 U.S.C.

4

§ 1442(a)(1) (allowing removal of suits against United States officers sued in their official or individual capacity). Federal judges are officers of the United States. Thus, the Court has jurisdiction here because removal was properly made under 28 U.S.C. § 1442(a)(1). Plaintiff's assertions to the contrary are incorrect.

Plaintiff also argues that this Court lacks jurisdiction because the case has already been adjudicated in the "Common Law Court of Record under the Judicial Branch of Government Secretary of State." (ECF No. 14.) This appears to be in reference to several exhibits attached to a letter sent by Plaintiff to this Court. (ECF No. 16.) In these exhibits, Plaintiff cites to many Bible passages to argue that a defendant's failure to timely deny allegations set forth in an affidavit should be treated as admissions to those allegations. (*See* ECF No. 16-1.) Following Judge Maloney's failure to timely deny Plaintiff's affidavit-bound allegations, a judgment was issued in favor of Plaintiff from the "United States District Court Common Law Court of Record, United States District Court for the Western District of Michigan, Southern Division." (ECF No. 16-3.) No such court exists, and even if it did, it would not have jurisdiction to render judgment in this case while the matter is still legitimately before this Court. The present case has not been previously adjudicated and thus Plaintiff's exhibits attached to his letter present no bar to this Court's exercise of jurisdiction here.

### C. Judge Maloney Has Not Admitted to Plaintiff's Allegations

As mentioned above, Plaintiff's letter argues that Judge Maloney's failure to contest allegations made by Plaintiff in an affidavit should be treated as admissions. (ECF No. 16-1.) It appears that Plaintiff intends for the Court to treat the affidavit as a Rule 36 request for admissions. Plaintiff's allegations will not be treated as admitted by Judge Maloney. While he has not yet filed an answer, the Federal Rules of Civil Procedure clearly permit him to request this Court to test the

5

legal sufficiency of Plaintiff's claims before admitting or denying any allegations or responding to requests for admissions. *See* Fed. R. Civ. P. 12(b)(6). Judge Maloney has done just that with his Rule 12(b)(6) motion, and he would not be required to file an answer or respond to Plaintiff's request for admissions until this Court has ruled on the motion.

### D.  Motion to Enforce Judgment

Plaintiff also requests this Court to enforce the purported judgment against Judge Maloney entered by the "United States District Court Common Law Court of Record, United States District Court for the Western District of Michigan, Southern Division." (ECF No. 15.) For the reasons stated above, the purported judgment cited by Plaintiff (ECF No. 16-3) has no legal authority. The Court will not enforce it.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's objections (ECF No. 14) to the R&R (ECF No. 12) are invalid. The Court will adopt and approve the R&R and grant Judge Maloney's motion to dismiss (ECF No. 7). Plaintiff's motion to enforce a judgment (ECF No. 15) will be denied. An order and judgment will enter in accordance with this Opinion.

Dated:  October 30, 2020              /s/ Hala Y. Jarbou
                                      Hala Y. Jarbou
                                      United States District Judge